# EXHIBIT A

Exh A to Decl. of Dan M. Forman

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED
Yolo Superior Court
7/26/2021
By: N. Plowman, Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Phillips Pet Food & Supplies, a Pennsylvania corporation; Phillips Feed Service, Inc., a California corporation; A & K Logistics, Inc., a Pennsylvania corporation; and DOES 1 through 40, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ELGIN GARCIA, an individual,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of California, County of Yolo
Main Courthouse
1000 Main Street, Woodland, CA 95695

CASE NUMBER: *(Número del Caso):*
CV2021-1315

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Arash S. Khosrowshahi, Liberty Man Law, 1010 F Street, Ste. 300, Sacramento, CA 95814; 916.573.0469

| DATE: *(Fecha)* 7/26/2021 | SHAWN C. LANDRY | Clerk, by *(Secretario)* | /s/ N. Plowman | , Deputy *(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Phillips Pet Food & Supplies, a Pennsylvania corporation
   under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

5

Exh A to Decl. of Dan M. Forman

# ALTERNATIVE DISPUTE RESOLUTION

## Information Sheet

Recognizing that many civil disputes can be resolved without the time and expense of traditional civil litigation, the Yolo County Superior Court strongly encourages parties in civil cases to explore and pursue the use of Alternative Dispute Resolution.

**What is Alternative Dispute Resolution?**

Alternative Dispute Resolution (ADR) is the general term applied to a wide variety of dispute resolution processes which are alternatives to lawsuits. Types of ADR processes include:

| | | | |
|---|---|---|---|
| Arbitration | Mediation | Neutral Evaluation | Mini-trials |
| Settlement Conferences | Private Judging | Negotiation, and | Hybrids of these |

All ADR processes offer a partial or complete alternative to traditional court litigation for resolving disputes.

**What are the advantages of using ADR?**

ADR, particularly mediation, can have a number of advantages over traditional court litigation.

- **ADR can save time.** Even in a complex case, a dispute can be resolved through ADR in a matter of months or weeks, while a lawsuit can take years.
- **ADR can save money.** By producing earlier settlements, ADR can save parties and courts money that might otherwise be spent on litigation costs (attorneys fees and court expenses.)
- **ADR provides more participation.** Parties have more opportunity with ADR to express their own interests and concerns, while litigation focuses exclusively on the parties' legal rights and responsibilities.
- **ADR provides more control and flexibility.** Parties can choose the ADR process most appropriate for their particular situation and that will best serve their particular needs.
- **ADR can reduce stress and provide greater satisfaction.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere found in litigation. Surveys of disputants who have gone through ADR have found that satisfaction with ADR is generally high, especially among those with extensive ADR experience.

Exh A to Decl. of Dan M. Forman

| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF YOLO**<br>1000 MAIN STREET<br>WOODLAND, CA. 95695<br>530-406-6704 | *For Court Use*<br><br>FILED<br>Yolo Superior Court<br>7/22/2021 7:55 PM<br>By: N. Plowman, Deputy |
|---|---|
| ELGIN GARCIA<br>　　　　　　Plaintiff,<br><br>vs.<br>PHILLIPS PET FOOD & SUPPLIES, ET AL.<br>　　　　　Defendant | **Case** CV2021-1315 |

## NOTICE OF CASE MANAGEMENT CONFERENCE

NOTICE TO ALL APPEARING PARTIES AND THEIR ATTORNEYS:

Notice is hereby given that the above-entitled action has been set for a Case Management Conference on ___11/15/2021___ at __9:00 AM__ in Department ____TBD____.

The plaintiff shall serve the Notice of Case Management Conference on each defendant with the complaint.

You must file a Case Management Statement 15 days prior to the above date.

Date: 7/22/2021

　　　　　　　　　　SHAWN C. LANDRY, COURT EXECUTIVE OFFICER

　　　　　　　　　　/s/ N. Plowman

　　　　　　　　　　　N. Plowman , Deputy Clerk

Notice of Case Management
8/6/2020

Exh A to Decl. of Dan M. Forman

1

**LIBERTY MAN LAW**
Arash S. Khosrowshahi (SBN: 293246)

2

1010 F Street, Ste. 300

3

Sacramento, California 95814
Tel.: (916) 573-0469 | Fax: (866) 700-0787

4

Email: libertymanlaw@gmail.com

5

Attorney for Plaintiff,

6

Elgin Garcia

FILED
Yolo Superior Court
7/22/2021 7:55 PM
By: N. Plowman, Deputy

7

8

**SUPERIOR COURT OF CALIFORNIA**

9

**COUNTY OF YOLO**

10

11

ELGIN GARCIA, an individual,

12

                    Plaintiff,

13

v.

14

PHILLIPS PET FOOD & SUPPLIES, a
Pennsylvania corporation; PHILLIPS FEED

15

SERVICE, INC., a California corporation; A
& K LOGISTICS, INC., a Pennsylvania

16

corporation; and DOES 1 through 40,

17

inclusive,

18

                    Defendants.

19

20

21

22

23

24

25

26

27

28

| | |
|---|---|
| ) | Case No.:  CV2021-1315 |
| ) | |
| ) | **COMPLAINT FOR DAMAGES AND** |
| ) | **INJUNCTIVE RELIEF** |
| ) | |
| ) | **(1) DISABILITY DISCRIMINATION IN** |
| ) | **VIOLATION OF FEHA;** |
| ) | **(2) FAILURE TO ENGAGE IN THE** |
| ) | **INTERACTIVE PROCESS IN** |
| ) | **VIOLATION OF FEHA;** |
| ) | **(3) FAILURE TO PROVIDE A** |
| ) | **REASONABLE ACCOMODATION** |
| ) | **IN VIOLATION OF FEHA;** |
| ) | **(4) RETALIATION IN VIOLATION OF** |
| ) | **FEHA;** |
| ) | **(5) DISCRIMINATION IN VIOLATION** |
| ) | **OF FMLA/CFRA;** |
| ) | **(6) WRONGFUL TERMINATION IN** |
| ) | **VIOLATION OF PUBLIC POLICY;** |
| ) | **(7) FAILURE TO PROVIDE** |
| ) | **EMPLOYEE PERSONNEL FILE** |
| ) | **AND PAYROLL RECORDS;** |
| ) | **(8) INTENTIONAL INFLICTION OF** |
| ) | **EMOTIONAL DISTRESS;** |
| ) | **(9) UNFAIR BUSINESS PRACTICES.** |
| ) | |
| ) | **DEMAND FOR JURY TRIAL** |
| ) | **DEMAND EXCEEDS $25,000** |

Exh A to Decl. of Dan M. Forman

**COMES NOW** Plaintiff Elgin Garcia ("Plaintiff") for the following allegations and causes of action against Defendants Phillips Pet Food & Supplies, Phillips Feed Service, Inc., A & K Logistics, Inc., and Does 1 through 40 (collectively "Defendants"):

## PARTIES

1.     Plaintiff is an adult male who at all relevant times is and was residing in Sacramento in the State of California.

2.     Plaintiff is informed and believes and on that basis alleges that Defendant Phillips Pet Food & Supplies is and at all relevant times was a corporation organized and existing under the laws of the State of Pennsylvania. Defendant does business in West Sacramento, County of Yolo, State of California as the premier pet food and pet supply distributor, servicing pet specialty markets all across the State of California and the United States.

3.     Plaintiff is informed and believes and on that basis alleges that Defendant Phillips Feed Service, Inc. is and at all relevant times was a corporation organized and existing under the laws of the State of California. Defendant does business in West Sacramento, County of Yolo, State of California.

4.     Plaintiff is informed and believes and on that basis alleges that Defendant A & K Logistics, Inc. is and at all relevant times was a corporation organized and existing under the laws of the State of Pennsylvania. Defendant does business in West Sacramento, County of Yolo, State of California.

5.     Defendants employed and employs Plaintiff and more than 50 employees. As such, Defendant is and at all relevant times was an "employer" defined by the California Fair Employment and Housing Act ("FEHA") and a covered employer for purposes of the Family Medical Leave Act ("FMLA")/California Family Rights Act ("CFRA").

6.     Plaintiff is ignorant of the true names and capacities of Defendants sued herein as Does 1 through 40, inclusive, and therefore sue these Defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when the same have been ascertained. Plaintiff is informed and believes and thereupon alleges that each of the fictitiously named Defendants is legally and/or equitably responsible for the occurrences herein alleged.

Exh A to Decl. of Dan M. Forman

7.      Plaintiff is informed, and believes, and based thereon alleges, that at all times mentioned herein, Defendants were and are the employers of Plaintiff. At all times herein mentioned, each of the Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants, and employees of each and every one of the other Defendants, and at all times herein mentioned were acting within the course and scope of said agency and employment. Defendants, and each of them, approved of, condoned, and/or otherwise ratified each and every one of the acts or omissions complained of herein.

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction over this matter because at all time relevant herein, Plaintiff was employed and terminated by Defendants in the County of Yolo. Therefore Plaintiff's injuries occurred in Yolo County, State of California to a sum of at least $25,000.

9.      Venue is proper in the County of Yolo because Plaintiff worked for Defendants in the County of Yolo. Defendants have at all relevant times maintained, owned/rented, and/or utilized properties in Yolo County, California, and committed wrongful conduct against Plaintiff in Yolo County, California.

10.      This Court is the proper court for trial in this action in that the acts and omissions of Defendants as alleged herein were made within this Court's jurisdictional area.

## COMMON FACTUAL ALLEGATIONS

11.      Defendants hired Plaintiff on or about September 2008 originally as an agency temporary driver, and was formally brought onto the company in March 2010 as a Delivery Driver due to his excellent performance and customer service skills. Plaintiff's job duties included, but were not limited to, ensuring trucks were in proper driving condition, properly loading customer orders, following assigned delivery routes throughout the Bay Area and Northern California, and completing standard paperwork with respect to his deliveries. At all relevant times, Plaintiff successfully performed his job duties to the satisfaction of his managers and supervisors, being

Exh A to Decl. of Dan M. Forman

nominated and/or awarded Employee of the Month several times in 2019 and 2020. At the time of his termination, Plaintiff earned approximately $61,000 annually.

12.     On or about October 16, 2020, Plaintiff incurred an injury to his right shoulder while on the job, constituting a workplace injury. Soon thereafter, Plaintiff filed a claim for workers compensation benefits with Defendants. After being seen by the medical provider for his workers compensation injury, Plaintiff was placed on light duty while being prohibited from using his right shoulder for work. Plaintiff would explain to the medical provider that he did not believe he could continue the job with light duty given the increasing severity of pain in his right shoulder, but the medical provider refused to put Plaintiff on leave and continued to claim Plaintiff qualified for light duty work. Plaintiff worked with light duties regardless in efforts to be a good cooperative employee.

13.     Separately, during the week of January 25, 2021, Plaintiff began to develop ulcers and bruises from his left shoulder, down through his left arm, and to his left hand, which grew in sensitivity. By about February 2, 2021, Plaintiff's left shoulder and arm turned dark purple, and his left hand was incredibly swollen and unable to move. Plaintiff called in sick on February 2, 2021, went to the emergency room, and was diagnosed with shingles.

14.     Plaintiff's injuries, i.e. an injured right shoulder and shingles, are disabilities which limit his major life activities, namely Plaintiff's ability to pick up objects, twist and turn, or otherwise be mobile. Plaintiff's injuries are also serious medical/health conditions in that they are illnesses, injuries, impairments, and/or physical conditions that involve inpatient care or continuing treatment by a health care provider.

15.     Plaintiff attempted to go back to work on light duty, but after the pain from his shingles became too severe, he notified Defendants on or about February 8, 2021, that he needed a reasonable accommodation such as leave. Plaintiff requested accommodation despite the fear that Defendants would use his shingles as an excuse to stop his workers compensation benefits for his right shoulder injury. Rather than provide Plaintiff with a reasonable accommodation or engage in the interactive process, Defendants forced Plaintiff to exhaust all of his sick days and vacation days. Defendants also stopped providing Plaintiff his workers compensation benefits.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

16.     After exhausting all of his sick days and vacation days, on or about March 5, 2021, Plaintiff was placed on FMLA/CFRA leave. On or about May 27, 2021, Plaintiff's FMLA/CFRA leave was exhausted. During May 2021, Plaintiff and Defendants were notified that Plaintiff's surgery for his workers compensation right shoulder injury was approved.

17.     On May 28, 2021, Plaintiff informed Defendant that his doctor did not release him back to work given his right shoulder injury and shingles, that he was scheduled to have surgery on or about June 2, 2021, and that he would need an additional six to eight weeks of additional leave to recover from surgery. However, on June 4, 2021, Defendants terminated Plaintiff.

18.     Defendants' June 7, 2021 termination letter to Plaintiff stated explicitly that Plaintiff's right shoulder injury and shingles disabilities were the reasons they were terminating his employment:

> "[Y]our doctor had not released you back to work for this condition and you were scheduled to have surgery for a different medical condition on June 2, 2021 that would require you to be off work for an additional 6-8 weeks. Unfortunately, we cannot hold your position for that extended amount of time. Therefore, we are terminating your employment with Phillips Pet Food and Supplies effective June 4, 2021."

Notably, Defendant claimed in bad faith that Plaintiff's surgery was for a "different medical condition" (i.e. Plaintiff's shingles) despite knowing that Plaintiff's surgery was for his right shoulder injury as part of his workers compensation claim. Further, Plaintiff knew that his additional leave would not create an undue hardship for Defendants as Defendants have hundreds of employees, including numerous delivery drivers who could temporarily take Plaintiff's place after nearly 13 years of dedicated employment.

19.     At all relevant times, Plaintiff suffered and continues to suffer from disabilities limiting major life activities as defined by FEHA and continues to suffer from serious medical/health conditions as defined by the FMLA/CFRA respectively.

20.     Plaintiff is informed and believes and based thereon alleges that Defendants discriminated against Plaintiff on account of his disabilities in violation of FEHA and requested FMLA/CFRA leave; that Defendant failed to act reasonably and in good-faith during the

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
12

interactive process in violation of FEHA; failed to provide a reasonable accommodation in violation of FEHA; retaliated against Plaintiff by terminating him in violation of FEHA; and retaliated against Plaintiff by denying him his workers compensation benefits and discharging him for seeking workers compensation benefits.

21.     Further, on or about June 11, 2021, Plaintiff, by and through his legal representative, sent letters to Defendants requesting his employee personnel file and payroll records as required by Labor Code §§ 226 and 1198.5. After more than 30 days passed, none of the Defendants have responded to Plaintiff's requests.

22.     On July 22, 2021 Plaintiff filed with the California Department of Fair Employment and Housing ("DFEH") a complaint charging Defendants with discrimination and retaliation in violation of FEHA. On July 22, 2021, the DFEH issued Plaintiff a right-to sue letter.

## FIRST CAUSE OF ACTION

### (Disability Discrimination in Violation of FEHA)

### (Against All Defendants)

23.     Plaintiff incorporates each allegation set forth in paragraphs 1 through 22.

24.     At all times herein mentioned, Government Code §§ 12940 *et seq*. ("FEHA") were in full force and effect and binding upon Defendants. The FEHA requires that Defendants refrain from discharging any person from employment on the basis of physical/mental disability or medical condition.

25.     Plaintiff is, and at all times herein mentioned was an "employee" who suffers from disabilities as defined by the FEHA.

26.     At all times herein mentioned, Plaintiff was qualified and competent to perform the duties of his position, and or any other which were available, with a reasonable accommodation, namely time off from work.

27.     Plaintiff is informed and believes and thereon alleges that based upon his disabilities, Defendants terminated Plaintiff's employment, and failed to engage in the interactive process, and/or provide a reasonable accommodation for Plaintiff.

Exh A to Decl. of Dan M. Forman

28.     As such, Defendants' termination of Plaintiff was in violation of the FEHA. Defendant knew that Plaintiff had disabilities, i.e. an injured right shoulder and shingles, that limited major life activities, namely Plaintiff's ability to pick up objects, twist and turn, or otherwise be mobile. Plaintiff's disabilities were a substantial motivating reason for Defendants' decision to terminate Plaintiff. Plaintiff was harmed, and Defendants' conduct was a substantial factor in causing Plaintiff's harm.

29.     As a result of Defendants discrimination against Plaintiff, he has suffered and continues to suffer damages in the form of lost wages and other employment benefits, and severe emotional and physical distress, the exact amount of which will be proven at trial.

30.     Defendants and each of them acted for the purpose of causing Plaintiff to suffer financial loss and severe emotional distress and physical distress and are guilty of oppression and malice, justifying an award of exemplary and punitive damages which will be proven at trial.

31.     As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute his claims herein and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

32.     The actions taken against Plaintiff were carried out and ratified by officers and managers of Defendants. In addition, Defendant had in place policies and procedures that specifically prohibited discrimination based on disability and required Defendants' managers, officers, and agents to prevent disability discrimination. However, Defendants chose to consciously and willfully ignore said policies. Therefore, Defendants' conduct was outrageous, malicious, oppressive and done in wanton disregard for the rights of Plaintiff and other disabled employees. Each Defendant aided, abetted, participated, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged herein. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be determined at trial.

///

///

///

Exh A to Decl. of Dan M. Forman

**SECOND CAUSE OF ACTION**

**(Failure to Engage in the Interactive Process in Violation of FEHA)**

**(Against All Defendants)**

33.   Plaintiff incorporates each allegation set forth in paragraphs 1 through 32.

34.   Government Code § 12940(n) provides in pertinent part: "[I]t is unlawful employment practice, unless based on upon a bona fide occupational qualification…: (n) For an employer or other entity covered by this part to fail to engage in a timely, good faith, interactive process with the employee…to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee…with a known physical or mental disability or known medical condition."

35.   Plaintiff is informed and believes and on that basis alleges that the Defendants did not engage in a reasonable nor meaningful interactive process with regard to Plaintiff and his disabilities, and need for reasonable accommodation(s), and instead prematurely and unlawfully terminated Plaintiff.

36.   Defendants were aware of Plaintiff's disabilities, and his need for time off from work, but nonetheless, Defendants failed to engage in a good-faith interactive process in any meaningful manner, and instead terminated Plaintiff. Defendants, through its employees and agents, failed to engage in a meaningful or reasonable interactive process regarding Plaintiff's disability in violation of Government Code § 12940(n).

37.   Plaintiff was ready and willing to participate in an interactive process to determine whether a reasonable accommodation could be made so that he would be able to perform the essential job requirements. However, Defendants failed to participate in a timely good-faith interactive process with Plaintiff to determine whether reasonable accommodation could be made. Plaintiff was harmed, and Defendants' failure to engage in a good-faith interactive process was a substantial factor in causing Plaintiff's harm.

38.   As a result of Defendants' failure to engage in the interactive process with Plaintiff, he has suffered and continues to suffer damages in the form of lost wages and other employment

benefits, and severe emotional and physical distress, the exact amount of which will be proven at trial.

39.     Defendants and each of them acted for the purpose of causing Plaintiff to suffer financial loss and severe emotional distress and physical distress and are guilty of oppression and malice, justifying an award of exemplary and punitive damages which will be proven at trial.

40.     As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute his claims herein and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

41.     The actions taken against Plaintiff were carried out and ratified by officers and managers of Defendants. In addition, Defendant had in place policies and procedures that specifically prohibited discrimination based on disability and required Defendants' managers, officers, and agents to prevent disability discrimination. However, Defendants chose to consciously and willfully ignore said policies. Therefore, Defendants' conduct was outrageous, malicious, oppressive and done in wanton disregard for the rights of Plaintiff and other disabled employees. Each Defendant aided, abetted, participated, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged herein. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be determined at trial.

### THIRD CAUSE OF ACTION

**(Failure to Provide a Reasonable Accommodation in Violation of FEHA)**

**(Against All Defendants)**

42.     Plaintiff incorporates each allegation set forth in paragraphs 1 through 41.

43.     Defendants engaged in conduct that intended to, and did, discriminate against Plaintiff by unlawfully failing and refusing to reasonably accommodate Plaintiff's known and/or perceived disabilities and related conditions and symptoms, by unlawfully failing to engage in a timely good faith interactive process with Plaintiff to determine effective reasonable accommodations for Plaintiff's known disabilities, and by instead terminating Plaintiff.

44.    Plaintiff was able to perform the essential job duties with reasonable accommodations, namely, time off from work, but Defendants failed to provide any reasonable accommodation for Plaintiff's conditions. Plaintiff was harmed, and Defendants' failure to provide reasonable accommodation was a substantial factor in causing Plaintiff harm.

45.    As a result of Defendants' failure to accommodate Plaintiff, he has suffered and continues to suffer damages in the form of lost wages and other employment benefits, and severe emotional and physical distress, the exact amount of which will be proven at trial.

46.    Defendants and each of them acted for the purpose of causing Plaintiff to suffer financial loss and severe emotional distress and physical distress and are guilty of oppression and malice, justifying an award of exemplary and punitive damages which will be proven at trial.

47.    As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute his claims herein and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

48.    The actions taken against Plaintiff were carried out and ratified by officers and managers of Defendants. In addition, Defendant had in place policies and procedures that specifically prohibited discrimination based on disability and required Defendants' managers, officers, and agents to prevent disability discrimination. However, Defendants chose to consciously and willfully ignore said policies. Therefore, Defendants' conduct was outrageous, malicious, oppressive and done in wanton disregard for the rights of Plaintiff and other disabled employees. Each Defendant aided, abetted, participated, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged herein. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### (Retaliation in Violation of FEHA)

### (Against All Defendants)

49.    Plaintiff incorporates each allegation set forth in paragraphs 1 through 48.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
17

Exh A to Decl. of Dan M. Forman

50.     At all times herein mentioned, the FEHA was in full force and effect and binding on Defendants. The FEHA makes it unlawful for any person to retaliate against an employee who has opposed a discriminatory practice and who asserts their rights under the FEHA, including, as here, requesting a reasonable accommodation in the form of time off from work.

51.     Defendants' conduct as alleged herein above constituted unlawful retaliation in violation of the FEHA.

52.     As a result of Defendants' retaliatory discharge of Plaintiff, he has suffered and continues to suffer damages in the form of lost wages and other employment benefits, and severe emotional and physical distress, the exact amount of which will be proven at trial.

53.     Defendants and each of them acted for the purpose of causing Plaintiff to suffer financial loss and severe emotional distress and physical distress and are guilty of oppression and malice, justifying an award of exemplary and punitive damages which will be proven at trial.

54.     As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute his claims herein and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

55.     The actions taken against Plaintiff were carried out and ratified by officers and managers of Defendants. In addition, Defendant had in place policies and procedures that specifically prohibited discrimination based on disability and required Defendants' managers, officers, and agents to prevent disability discrimination. However, Defendants chose to consciously and willfully ignore said policies. Therefore, Defendants' conduct was outrageous, malicious, oppressive and done in wanton disregard for the rights of Plaintiff and other disabled employees. Each Defendant aided, abetted, participated, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged herein. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be determined at trial.

///

///

///

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
18

Exh A to Decl. of Dan M. Forman

**FIFTH CAUSE OF ACTION**

**(Discrimination in Violation of FMLA/CFRA)**

**(Against All Defendants)**

56.     Plaintiff incorporates each allegation set forth in paragraphs 1 through 55.

57.     All relevant times herein, Plaintiff was entitled to protected leave under the FEHA. Moreover, Plaintiff was entitled to protected leave under 29 U.S.C. §§ 2601 *et seq.* ("FMLA") and California Government Code § 12945.2 ("CFRA"). Defendants did business in the State of California, and Plaintiff is informed and believes Defendants employed 50 or more full or part-time employees.

58.     Plaintiff has "a serious medical condition" under the FMLA and a "serious health condition" under the CFRA. Plaintiff gave appropriate notice, and reasonable medical documentation from his health care provider for his need to be absent from work as soon as practicable after he learned of the need for medical leave.

59.     Plaintiff was terminated, and Plaintiff's requested medical leave was a substantial, motivating, and determinative factor for Defendants to terminate Plaintiff.

60.     As a proximate result of the aforesaid acts and omissions of Defendants, Plaintiff has suffered actual, consequential and incidental financial loss, including, loss of wages and benefits, and the intangible loss of employment related opportunities in his field, and future employment in his profession.

61.     As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute his claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to recover attorneys' fees and costs under 29 U.S.C. § 2617(a)(3) and California Government Code § 12965(b).

62.     The actions taken against Plaintiff were carried out and ratified by officers and managers of Defendants. In addition, Defendants had in place policies and procedures that specifically prohibited discrimination based on disability and required Defendants' managers, officers, and agents to prevent disability discrimination. However, Defendants chose to consciously and willfully ignore said policies. Therefore, Defendants conduct was outrageous,

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

malicious, oppressive and done in wanton disregard for the rights of Plaintiff and other disabled employees. Each Defendant aided, abetted, participated, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged herein. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

### (Wrongful Termination in Violation of Public Policy)

### (Against All Defendants)

63.     Plaintiff incorporates each allegation set forth in paragraphs 1 through 62.

64.     The FEHA and the CFRA reflect the fundamental public policies of the State of California. These public policies are designed to prevent discrimination/retaliation based on disabilities/serious health conditions of employees respectively, amongst other public policies.

65.     Moreover, Article XIV, Section 4 of the California Constitution provides for a workers' compensation system that includes adequate provision for the comfort, health and safety, and general welfare of workers and their dependents to relieve them of the consequences of any work-related injury or death, irrespective of the fault of any party and requires the administration of the workers' compensation system to accomplish substantial justice in all cases expeditiously, inexpensively, and without encumbrance of any character, all of which matters are expressly declared to be the social public policy of the State of California.

66.     The actions of Defendants in terminating Plaintiff on the grounds alleged herein, including denying Plaintiff his workers compensation benefits, were wrongful and in direct contravention of the fundamental public policies of the State of California.

67.     As a proximate result of the aforesaid acts and omissions of Defendants, Plaintiff has suffered actual, consequential and incidental financial loss, including, loss of wages and benefits, and the intangible loss of employment related opportunities in his field, and future employment in his profession.

68.     As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute his claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. As a result of the acts of Defendants as

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Exh A to Decl. of Dan M. Forman

alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs as provided in Code of Civil Procedure § 1021.5 and Government Code § 12965(b).

### SEVENTH CAUSE OF ACTION

**(Failure to Provide Employee Personnel File and Payroll Records)**

**(Against all Defendants)**

69.    Plaintiff incorporates each allegation set forth in paragraphs 1 through 68.

70.    California Labor Code §§ 1198.5(k) and 226 (b)-(c) require an employer to provide for copying/inspection the complete employee personnel file, payroll records, and wage statements for the last three (3) years within 30 days upon request of an employee or his/her representative.

71.    If the employer fails to comply with Section 1198.5(k) within 30 days, it is liable for a $750 penalty.

72.    If the employer fails to comply with Section 226 (b)-(c) within 21 days, the employee can recover a $750 penalty from the employer. (Labor Code § 226(f).)

73.    As stated above Plaintiff, by and through his legal representative, sent letters requesting his personnel file and payroll records pursuant to Labor Code §§1198.5(k) and 226 (b)-(c). After more than 30 days passed, Defendants did not provide any response to the requests.

74.    As a result of Defendants' violations above, Plaintiff seeks $750 for each violation of Labor Code §§ 226, 1198.5, and resulting attorneys' fees and costs as permitted by the Labor Code.

### EIGHTH CAUSE OF ACTION

**(Intentional Infliction of Emotional Distress)**

**(Against all Defendants)**

75.    Plaintiff incorporates each allegation set forth in paragraphs 1 through 74.

76.    Defendants acted intentionally and/or recklessly and subjected Plaintiff to severe emotional distress by committing outrageous acts against Plaintiff as alleged herein above.

77.    In doing the acts herein alleged, Defendants acted outrageously with the intent of causing (or with reckless disregard of the probability of causing) severe emotional distress to Plaintiff. Defendants' conduct was outrageous because they terminated Plaintiff's employment

Exh A to Decl. of Dan M. Forman

while he was seeking treatment for his disabilities and serious medical/health conditions after nearly 13 years of dedicated, loyal employment.

78.    Defendants' actions directly and proximately resulted in Plaintiff suffering and continuing to suffer extreme and severe anguish, humiliation, embarrassment, emotional distress, mental suffering, nervousness, tension, anxiety, and depression, all to Plaintiff's detriment in a sum to be ascertained according to proof at the time of trial.

79.    As a direct, foreseeable, and proximate result of Defendants' actions, and each of their actions alleged in this cause of action, Plaintiff has suffered, and continues to suffer, substantial losses in job opportunities, career losses, salary, bonuses, job benefits and other employment benefits he would have received had said Defendants' actions not caused Plaintiff such emotional suffering and grief, all to Plaintiff's damage in a sum to be ascertained according to proof at trial.

80.    As a direct, foreseeable, and proximate result of Defendants' actions as alleged in this cause of action, which were intentional, malicious, oppressive, and made in a bad faith manner in an attempt to vex, injure, annoy, and or willfully and consciously disregarded the Plaintiff's rights by taking the actions alleged in this cause of action, Plaintiff prays for punitive damages against Defendants to be ascertained according to proof, but in a sufficiently large amount to punish said Defendants, deter future conduct by said Defendant, and to make an example of said Defendant.

## NINTH CAUSE OF ACTION

### (Unfair Business Practices)

### (Against All Defendants)

81.    Plaintiff incorporates each allegation set forth in paragraphs 1 through 80.

82.    Defendants' failure to provide Plaintiff's employee file and payroll records and wrongful termination of Plaintiff's employment constitute unlawful, false, unfair, fraudulent, and deceptive business practices prohibited by Business & Professions Code §§ 17200, *et seq.*

83.    Plaintiff is entitled to an injunction and other equitable relief against such unlawful practices in order to prevent future damage, for which there is no adequate remedy at law, and to

avoid a multiplicity of lawsuits.

84.     As a result of their unlawful acts, Defendants should be enjoined from their activities and restore to Plaintiff his wrongfully-withheld compensation pursuant to Business & Professions Code § 17203. Plaintiff is informed and believes and based thereon alleges that Defendants are unjustly enriched through their failure to provide Plaintiff his employee file and payroll records and Plaintiff's wrongful termination.  Plaintiff is informed and believe and based thereon alleges that Plaintiff is prejudiced by Defendants' unfair business practices.

85.     As a direct and proximate result of the unfair business practices of Defendants, Plaintiff is entitled to equitable and injunctive relief, including full restitution and/or disgorgement of all wages and overtime which have been unlawfully withheld from Plaintiff as a result of the business acts and practices described herein and enjoining Defendants to cease and desist from engaging in the practices described herein.

**WHEREFORE**, Plaintiff prays for the following relief against all Defendants:

A.  As to the First through Fourth Causes of Action,

    a.  Compensatory damages according to proof at trial;

    b.  General and special damages in order to compensate Plaintiff for loss of job security, failure to properly advance within his career, damage to reputation, expenses and physical, mental and emotional injuries according to proof at trial;

    c.  Exemplary and punitive damages according to proof at trial;

    d.  Reasonably attorneys' fees and costs pursuant to Government Code § 12965;

    e.  Prejudgment and post judgment interest; and

    f.  Any other relief the court deems proper;

B.  As to the Fifth Cause of Action,

    a.  General and special damages for mental and emotional injuries according to proof at trial;

    b.  Exemplary and punitive damages according to proof at trial;

    c.  Reasonable attorneys' fees and costs under 29 U.S.C. § 2617(a)(3), 29 C.F.R.

§ 825.400(c), and California Government Code § 12965;

   d.  Prejudgment and post judgment interest; and

   e.  Any other relief the court deems proper;

C.  As to the Sixth Cause of Action,

   a.  General and special damages for mental and emotional injuries according to proof at trial;

   b.  Exemplary and punitive damages according to proof at trial;

   c.  Reasonable attorneys' fees and costs under Code of Civil Procedure § 1021.5 and Government Code § 12965;

   d.  Prejudgment and post judgment interest; and

   e.  Any other relief the court deems proper;

D.  As to the Seventh Cause of Action,

   a.  Statutory penalties of $750 for each violation of Labor Code §§ 226 and 1198.5;

   b.  Reasonable attorneys' fees and costs;

   c.  Prejudgment and post judgment interest; and

   d.  Any other relief the court deems proper;

E.  As to the Eighth Cause of Action,

   a.  For economic and/or special damages in an amount according to proof at trial;

   b.  For medical expenses and related items of expense, according to proof at trial;

   c.  For pain and suffering damages according to proof at trial;

   d.  For treble, punitive, and exemplary damages by way of making an example and/or punishing Defendant, in an amount according to proof at trial;

   e.  Any other relief the court deems proper;

F.  As to the Ninth Cause of Action,

   a.  For preliminary and permanent injunctions pursuant to Business & Professions Code § 17203, enjoining and restraining Defendants from continuing the

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

unlawful and unfair business practices set forth above and requiring the establishment of appropriate and effective means to prevent future violations;

b.  For restitution of wages and benefits due which were acquired by means of any unfair business practice, according to proof; and

c.  Any other relief the court deems proper.

Respectfully Submitted,

**LIBERTY MAN LAW**

Dated this 22nd of July, 2021

Arash S. Khosrowshahi
Attorney for Plaintiff Elgin Garcia

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
18 of 18

DocuSign Envelope ID: 26679FE8-5E29-48CC-AEA2-E0F22F9CFE59

**CM-010**

ARASH S. KHOSROWSHAHI (SBN: 293246)
LIBERTY MAN LAW
1010 F Street, Ste. 300, Sacramento, CA 95814

FOR COURT USE ONLY

TELEPHONE NO.: 916.573.0469   FAX NO. *(Optional)*: 866.700.0787
ATTORNEY FOR *(Name)*: ELGIN GARCIA

**FILED**
**Yolo Superior Court**
7/22/2021 7:55 PM
By: N. Plowman, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF YOLO
STREET ADDRESS: 1000 Main Street
MAILING ADDRESS:
CITY AND ZIP CODE: Woodland, 95695
BRANCH NAME: Main Courthouse

CASE NAME:
GARCIA v. PHILLIPS PET FOOD & SUPPLIES, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: CV2021-1315 |
|---|---|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000) | [ ] Counter   [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | JUDGE: DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)** |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | **Enforcement of Judgment** |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | [ ] Enforcement of judgment (20) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Miscellaneous Civil Complaint** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] RICO (27) |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Fraud (16) | [ ] Residential (32) | **Miscellaneous Civil Petition** |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Partnership and corporate governance (21) |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Other petition *(not specified above)* (43) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [x] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is  [x] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. [x] monetary; b. [x] nonmonetary; declaratory or injunctive relief c. [x] punitive
4. Number of causes of action *(specify)*: 9: FEHA/FMLA/CFRA disability discrim/retaliation; LC 226/1198.5; Tameny WT; IIED; UCL
5. This case [ ] is  [x] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: July 22, 2021
ARASH S. KHOSROWSHAHI

_____
(TYPE OR PRINT NAME)

*Arash khosrowshahi*
3D3E3BDA3A7747A...
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

**CIVIL CASE COVER SHEET**

26

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courts.ca.gov*

DocuSign Envelope ID: 26679FE8-5E29-48CC-AEA2-E0F22F9CFE59

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

Exh A to Decl. of Dan M. Forman

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY: <br> Arash S. Khosrowshahi   (293246) <br> Liberty Man Law <br> 1010 F Street, Ste 300 <br> Sacramento, CA 95814 <br><br> TELEPHONE NO.: (916) 573-0469       FAX NO.: (866) 700-0787 <br> EMAIL ADDRESS: libertymanlaw@gmail.com <br> ATTORNEY FOR: Plaintiff | *FOR COURT USE ONLY* <br><br> FILED <br> Yolo Superior Court <br> 8/6/2021 10:44 AM <br> By: S. Lozano, Deputy |
|---|---|

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF YOLO <br> STREET ADDRESS: 1000 Main Street <br> MAILING ADDRESS: 1000 Main Street <br> CITY AND ZIP CODE: Woodland, 95695 <br> BRANCH NAME: |
|---|

| PLAINTIFF: Elgin Garcia, an individual <br> DEFENDANT: Phillip Pet Food and Supplies, a Pennsylvania corporation, et al | CASE NUMBER: <br> CV-2021-1315 |
|---|---|

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. [X] summons
   b. [X] complaint
   c. [X] Alternative Dispute Resolution (ADR) package
   d. [ ] Civil Case Cover Sheet (served in complex cases only)
   e. [ ] cross-complaint
   f. [X] other (specify documents):
      Notice of Case Management Conference

3. a. Party served *(specify name of party as shown on documents served):*
      Phillips Feed Service, Inc., A California Corporation
   b. [X] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made)
      Andrew Castro / Authorized Agent For Service

4. Address where the party was served:
      3885 Seaport Blvd, West Sacramento, CA 95691

5. I served the party *(check proper box)*
   a. [X] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 07/26/2021 (2) at *(time):* 2:30 PM
   b. [ ] **by substituted service.** On *(date):*        at *(time):*        I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where copies were left (Code Civ. Proc., 415.20). I mailed the documents on *(date):*        from *(city):*        or [ ] a declaration of mailing is attached.
      (5) [ ] I attached a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| PLAINTIFF: Elgin Garcia, an individual | CASE NUMBER: |
|---|---|
| DEFENDANT: Phillip Pet Food and Supplies, a Pennsylvania corporation, et al | CV-2021-1315 |

c.　☐　**by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

　　(1) on *(date):*　　　　(2) from *(city):*

　　(3) ☐　with two copies of the *Notice and Acknowledgement of Receipt* and a postage-paid return envelope addressed to me. (*Attach completed* Notice and Acknowledgement of Receipt.) (Code Civ. Proc., 415.30.)

　　(4) ☐　to an address outside California with return receipt requested. (Code Civ. Proc., 415.40.)

d.　☐　**by other means** *(specify means of service and authorizing code section):*

　　☐　Additional page describing service is attached.

6.　The "Notice to the Person Served" (on the summons) was completed as follows:
　a.　☐　as an individual defendant.
　b.　☐　as the person sued under the fictitious name of *(specify):*
　c.　☐　as occupant.
　d.　☒　On behalf of *(specify):* Phillips Feed Service, Inc., A California Corporation

　　under the following Code of Civil Procedure section:

| | |
|---|---|
| ☒ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7.　**Person who served papers**
　a.　Name: Jenice Rossner
　　　Firm: Capital Process Service
　b.　Address: 3104 O Street, #230, Sacramento, CA 95816
　c.　Telephone number: (916) 247-7990
　d.　**The fee** for the service was: $
　e.　I am:
　　(1) ☐　not a registered California process server.
　　(2) ☐　exempt from registration under Business and Professions Code section 22350(b).
　　(3) ☒　a registered California process server:
　　　　(i) ☐ owner ☒ employee ☐ independent contractor.
　　　　(ii) Registration No.: 1998-02
　　　　(iii) County: Sacramento

8.　☒　**I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

　　　or

9.　☐　I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: 7/28/2021

_____
Jenice Rossner
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

_____
(SIGNATURE)

Form Adopted for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Job Number CPJ-2021001342

Exh A to Decl. of Dan M. Forman

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Arash Khosrowshahi, 293246<br>Liberty Man Law<br>770 L Street, Suite 950<br>Sacramento, CA 95814<br>**TELEPHONE NO.:** (916)573-0469<br>ATTORNEY FOR *(Name):* Plaintiff | **FILED**<br>Yolo Superior Court<br>8/6/2021 10:44 AM<br>By: S. Lozano, Deputy |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF | |
|---|---|
| Superior Court of California, Yolo County<br>1000 Main Street<br>Woodland, CA 95695-3551 | |

| PLAINTIFF/PETITIONER: Elgin Garcia | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Phillips Pet Food & Supplies. et al. | CV2021-1315 |

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |
|---|---|

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.

2. I served copies of: Summons, Complaint, Notice of Case Management Conference, ADR Information Sheet

3. a. Party served:  A & K Logistics, Inc., a Pennsylvania corporation

   b. Person Served:  - Person Authorized to Accept Service of Process

4. Address where the party was served:   3747 Heck Town Road

   Easton, PA 18045

5. I served the party
   b. **by substituted service.** On (date): 07/28/2021        at (time): 2:18PM      I left the documents listed in item 2 with or in the presence of:  Sara Johnson, H.R. - Person In Charge Of Office

   (1) (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

   (4) A declaration of mailing is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   d. on behalf of:

   A & K Logistics, Inc., a Pennsylvania corporation

   under:    CCP 416.10 (corporation)

7. **Person who served papers**
   a. Name:    Steve Franks
   b. Address:    One Legal - P-000618-Sonoma
        1400 North McDowell Blvd, Ste 300
        Petaluma, CA 94954
   c. Telephone number: 415-491-0606
   d. The fee for service was: $    105.25
   e. I am:
      (1)  Not a registered California process server.

8. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date:  08/04/2021

Steve Franks

(NAME OF PERSON WHO SERVED PAPERS)                                    (SIGNATURE)

| Form Adopted for Mandatory Use<br>Judicial Council of California POS-010<br>[Rev. Jan 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |
|---|---|---|

30

OL# 16673335

Exh A to Decl. of Dan M. Forman

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address)*: | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|
| Arash Khosrowshahi, 293246<br>Liberty Man Law<br><br>770 L Street, Suite 950<br>Sacramento, CA 95814 | (916)573-0469 | |

| ATTORNEY FOR *(Name)*: Plaintiff | Ref. No. or File No. |
|---|---|

Insert name of court, judicial district or branch court, if any:

Yolo

1000 Main Street

Woodland, CA 95695-3551

| PLAINTIFF: |
|---|
| Elgin Garcia |

| DEFENDANT: |
|---|
| Phillips Pet Food & Supplies, et al. |

| **PROOF OF SERVICE BY MAIL** | | | | CASE NUMBER:<br>CV2021-1315 |
|---|---|---|---|---|

I am a citizen of the United States, over the age of 18 and not a party to the within action. My business address is 1400 N. McDowell Blvd, Petaluma, CA 94954.

On 07/29/2021, after substituted service under section CCP 415.20(a) or 415.20(b) or FRCP 4(e)(2)(B) or FRCP 4(h)(1)(B) was made (if applicable), I mailed copies of the:

Summons, Complaint, Notice of Case Management Conference, ADR Information Sheet

to the person to be served at the place where the copies were left by placing a true copy thereof enclosed in a sealed envelope, with First Class postage thereon fully prepaid, in the United States Mail at Petaluma, California, addressed as follows:

A & K Logistics, Inc., a Pennsylvania corporation

3747 Heck Town Road

Easton, PA 18045

I am readily familiar with the firm's practice for collection and processing of documents for mailing.  Under that practice, it would be deposited within the United States Postal Service, on that same day, with postage thereon fully prepaid, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

Fee for Service: $ $225.25

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

One Legal - P-000618-Sonoma

1400 North McDowell Blvd, Ste 300

Petaluma, CA 94954

Travis Carpenter

31

Exh. A to Decl. of Berryman Forman

OL# 16673535

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Arash Khosrowshahi, 293246<br>Liberty Man Law<br>770 L Street, Suite 950<br>Sacramento, CA 95814<br>TELEPHONE NO.: (916)573-0469<br>ATTORNEY FOR *(Name):* Plaintiff | FILED<br>Yolo Superior Court<br>8/6/2021 10:44 AM<br>By: S. Lozano, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF

Superior Court of California, Yolo County
1000 Main Street
Woodland, CA 95695-3551

PLAINTIFF/PETITIONER: Elgin Garcia

DEFENDANT/RESPONDENT: Phillips Pet Food & Supplies, et al.

CASE NUMBER:

CV2021-1315

**PROOF OF SERVICE OF SUMMONS**

Ref. No. or File No.:

---

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.

2. I served copies of: Summons, Complaint, Notice of Case Management Conference, ADR Information Sheet

3.  a. Party served: Phillips Pet Food & Supplies, a Pennsylvania corporation

    b. Person Served: - Person Authorized to Accept Service of Process

4. Address where the party was served:   3747 Hecktown Rd
    Easton, PA 18045

5. I served the party
    b. **by substituted service.** On (date): 07/28/2021          at (time): 2:18PM      I left the documents listed in item 2 with or
    in the presence of:  Sara Johnson, H.R. - Person In Charge Of Office

        (1) (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the
        person to be served. I informed him or her of the general nature of the papers.

        (4) A declaration of mailing is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
    d. on behalf of:

    Phillips Pet Food & Supplies, a Pennsylvania corporation

    under:     CCP 416.10 (corporation)

7. **Person who served papers**
    a. Name:     Steve Franks
    b. Address:     One Legal - P-000618-Sonoma
            1400 North McDowell Blvd, Ste 300
            Petaluma, CA 94954
    c. Telephone number: 415-491-0606
    d. The fee for service was: $   225.25
    e. I am:
        (1) Not a registered California process server.

8. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date:  08/04/2021

Steve Franks
(NAME OF PERSON WHO SERVED PAPERS)                    (SIGNATURE)

| Form Adopted for Mandatory Use<br>Judicial Council of California POS-010<br>[Rev. Jan 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |
|---|---|---|

OL# 16659427

Exh A to Decl. of Dan M. Forman

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address) | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|

Arash Khosrowshahi, 293246
Liberty Man Law                                    (916)573-0469

770 L Street, Suite 950
Sacramento, CA 95814

ATTORNEY FOR (Name): Plaintiff

| Ref. No. or File No. |
|---|

Insert name of court, judicial district or branch court, if any:

Yolo
1000 Main Street
Woodland, CA 95695-3551

PLAINTIFF:

Elgin Garcia

DEFENDANT:

Phillips Pet Food & Supplies, et al.

| **PROOF OF SERVICE BY MAIL** | | | | CASE NUMBER: CV2021-1315 |
|---|---|---|---|---|

I am a citizen of the United States, over the age of 18 and not a party to the within action. My business address is 1400 N. McDowell Blvd, Petaluma, CA 94954.

On 07/29/2021, after substituted service under section CCP 415.20(a) or 415.20(b) or FRCP 4(e)(2)(B) or FRCP 4(h)(1)(B) was made (if applicable), I mailed copies of the:

Summons, Complaint, Notice of Case Management Conference, ADR Information Sheet

to the person to be served at the place where the copies were left by placing a true copy thereof enclosed in a sealed envelope, with First Class postage thereon fully prepaid, in the United States Mail at Petaluma, California, addressed as follows:

Phillips Pet Food & Supplies, a Pennsylvania corporation

3747 Hecktown Rd

Easton, PA 18045

I am readily familiar with the firm's practice for collection and processing of documents for mailing. Under that practice, it would be deposited within the United States Postal Service, on that same day, with postage thereon fully prepaid, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

Fee for Service: $ $225.25

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

One Legal - P-000618-Sonoma

1400 North McDowell Blvd, Ste 300

Petaluma, CA 94954

Travis Carpenter

33                                              Exh A to Decl. of Ben Workman
OL# 16039427

1  CDF LABOR LAW LLP
       Dan M. Forman, State Bar No. 155811
2      dforman@cdflaborlaw.com
       Dalia Z. Khatib, State Bar No. 323712
3      dkhatib@cdflaborlaw.com
   707 Wilshire Boulevard, Suite 5150
4  Los Angeles, CA 90017
   Telephone:  (213) 612-6300
5
   Attorneys for Defendant
6  PHILLIPS FEED SERVICE, INC., a Pennsylvania
   corporation, dba PHILLIPS PET FOOD & SUPPLIES
7  (erroneously sued as PHILLIPS FEED SERVICE, INC. and
   PHILLIPS PET FOOD & SUPPLIES)
8

FILED
YOLO SUPERIOR COURT
8/26/2021 4:11 PM
BY:N. Plowman
DEPUTY

9              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10                        **COUNTY OF YOLO**

11

12  ELGIN GARCIA, an individual,                    ) Case No. CV2021-1315
                                                     )
13                   Plaintiffs,                     ) Assigned for All Purposes To:
              vs.                                    ) Judge: Daniel M. Wolk
14                                                   ) Dept:    9
    PHILLIPS PET FOOD & SUPPLIES, a                  )
15  Pennsylvania corporation; PHILLIPS FEED          ) **DEFENDANT PHILLIPS FEED SERVICE,**
    SERVICE, INC., a California corporation; A &     ) **INC., a Pennsylvania Corporation, dba**
16  K LOGISTICS, INC., a Pennsylvania                ) **PHILLIPS PET FOOD & SUPPLIES'**
    corporation; and DOES 1 through 40, inclusive,   ) **(erroneously sued as PHILLIPS FEED**
17                                                   ) **SERVICE, INC. and PHILLIPS PET FOOD**
                     Defendants.                     ) **& SUPPLIES) ANSWER TO PLAINTIFF**
18                                                   ) **ELGIN GARCIA'S COMPLAINT**
                                                     )
19  ─────────────────────────────────────           ) Action Filed:   July 22, 2021

20

21

22

23

24

25

26

27

28

1   Defendant PHILLIPS FEED SERVICE, INC., a Pennsylvania Corporation dba PHILLIPS

2   PET FOOD & SUPPLIES, erroneously sued as PHILLIPS FEED SERVICE, INC. and PHILLIPS

3   PET FOOD & SUPPLIES hereby answers the Complaint for Damages ("Complaint") filed by

4   Plaintiff ELGIN GARCIA ("Plaintiff") as follows:

5                           **GENERAL DENIAL**

6   Pursuant to the provisions of § 431.30(d) of the California Code of Civil Procedure,

7   Defendant denies, generally and specifically, each and every allegation in Plaintiff's Complaint.

8   Defendant further denies, generally and specifically, that Plaintiff has been damaged in any sum, or

9   at all, by reason of any acts or omissions on the part of Defendant.

10   Defendant further denies that Plaintiff has sustained any injury, damage or loss by reason of

11   any conduct, action, error or omission on the part of Defendant.

12                        **AFFIRMATIVE DEFENSES**

13   Defendant has not completed its investigation of the facts of this case, has not completed

14   discovery in this matter, and has not completed its preparation for trial.  The affirmative defenses

15   asserted herein are based on Defendant's knowledge, information, and belief at this time, and

16   Defendant specifically reserves the right to modify, amend, or supplement any affirmative defense

17   contained herein at any time.

18   Without conceding that it bears the burden of proof or persuasion as to any one of them,

19   Defendant alleges the following separate affirmative defenses to the Complaint:

20                      **FIRST AFFIRMATIVE DEFENSE**

21                   (Failure to Exhaust Administrative Remedies)

22   1.   Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to

23   properly and timely file his charge and exhaust his administrative remedies as required by the Fair

24   Employment and Housing Act.

25                     **SECOND AFFIRMATIVE DEFENSE**

26                     (Failure to State a Cause of Action)

27   2.   Plaintiff's Complaint, and each and every cause of action asserted therein, fails to

28   allege facts sufficient to state a cause of action against Defendant.

DEFENDANT'S ANSWER TO PLAINTIFF
ELGIN GARCIA'S COMPLAINT

1856988.1

Exh A to Decl. of Dan M. Forman

1 | **THIRD AFFIRMATIVE DEFENSE**

2 | (Statute of Limitations)

3 |   3.   Plaintiff's claims asserted in the Complaint, and each purported cause of action set

4 | forth therein, are barred by the applicable statutes of limitations, including but not limited to,

5 | California Code of Civil Procedure sections 335.1, 340, Government Code section 12940 et seq.,

6 | including, without limitation, section 12965 and California Business & Professions Code § 17208.

7 | **FOURTH AFFIRMATIVE DEFENSE**

8 | (Accord and Satisfaction)

9 |   4.   Plaintiff's alleged causes of action, and each of them, are barred, in whole or in part,

10 | by the doctrine of accord and satisfaction.

11 | **FIFTH AFFIRMATIVE DEFENSE**

12 | (Release)

13 |   5.   Plaintiff's alleged causes of action, and each of them, are barred, in whole or in part,

14 | by the doctrine of release.

15 | **SIXTH AFFIRMATIVE DEFENSE**

16 | (Waiver)

17 |   6.   Plaintiff has waived the right, by reason of his conduct and actions, to assert the

18 | claims alleged in the Complaint.

19 | **SEVENTH AFFIRMATIVE DEFENSE**

20 | (Estoppel)

21 |   7.   Plaintiff's alleged causes of action, and each of them, are barred, in whole or in part,

22 | by the doctrine of estoppel.

23 | **EIGHTH AFFIRMATIVE DEFENSE**

24 | (Unclean Hands)

25 |   8.   Plaintiff's alleged causes of action, and each of them, are barred, in whole or in part,

26 | by the doctrine of unclean hands.

27 | / / /

28 | / / /

3

DEFENDANT'S ANSWER TO PLAINTIFF
ELGIN GARCIA'S COMPLAINT

1856988.1

Exh A to Decl. of Dan M. Forman

1

## NINTH AFFIRMATIVE DEFENSE

2

(Laches)

3      9.      Plaintiff's claims, and each purported or underlying cause of action alleged therein,

4   are barred, in whole or in part, by the doctrine of laches.

5

## TENTH AFFIRMATIVE DEFENSE

6

(At-Will)

7      10.      Plaintiff's claims, if any, are barred, in whole or in part, by the fact that Plaintiff, at

8   all times, was an at-will employee who could be terminated with or without cause at any time under

9   California Labor Code section 2922.

10

## ELEVENTH AFFIRMATIVE DEFENSE

11

(Good Cause)

12      11.      Plaintiff's claims, if any, are barred, in whole or in part, by the fact that Defendant

13   had good cause to terminate Plaintiff.

14

## TWELFTH AFFIRMATIVE DEFENSE

15

(No Intent to Discriminate)

16      12.      Plaintiff's claims, if any, are barred, in whole or in part, because the conduct at issue

17   was taken in good faith without any intent to discriminate against Plaintiff in any manner

18   prohibited by FEHA, or any other law or public policy.

19

## THIRTEENTH AFFIRMATIVE DEFENSE

20

(Mixed Motive)

21      13.      Plaintiff's claims, if any, are barred, in whole or in part, because even if Plaintiff

22   should prove that a protected status, association with, or participation in a protected activity, was a

23   substantial factor motivating the challenged employment action(s), which Defendant denies, the

24   same employment action(s) would have been taken based on other legitimate considerations.

25

## FOURTEENTH AFFIRMATIVE DEFENSE

26

(Business Necessity)

27      14.      Plaintiff's claims, if any, are barred, in whole or in part, in that Defendant acted at

28   all relevant times out of business necessity.

4

DEFENDANT'S ANSWER TO PLAINTIFF
ELGIN GARCIA'S COMPLAINT

Exh A to Decl. of Dan M. Forman

**FIFTEENTH AFFIRMATIVE DEFENSE**

(Legitimate Business Reasons)

15.     Plaintiff's claims, if any, are barred, in whole or in part, because Defendant did not discriminate or retaliate against Plaintiff on any unlawful basis, and Defendant, at all relevant times, had legitimate business reasons that were reasonably based on the facts as Defendant understood them for all decisions made regarding Plaintiff's employment.

**SIXTEENTH AFFIRMATIVE DEFENSE**

(Managerial Privilege)

16.     Plaintiff's claims, if any, are barred, in whole or in part, because the conduct giving rise to the allegations in the Complaint was a just and proper exercise of managerial discretion by Defendant and undertaken for fair, honest and lawful reasons under the circumstances.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

(Reasonable Care)

17.     Plaintiff's claims, if any, are barred, in whole or in part, because Defendant exercised reasonable care to prevent and promptly correct discriminating and/or retaliatory behavior, if any.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

(Consent)

18.     On information and belief, Plaintiff, or someone acting or purporting to act on Plaintiff's behalf, had knowledge of, and expressly consented and agreed to, the matters about which Plaintiff now complains, and therefore, Plaintiff cannot now assert some or all claims arising out of such matters.

**NINETEENTH AFFIRMATIVE DEFENSE**

(Offset)

19.     Defendant alleges that if Plaintiff sustained any damage as a result of the conduct alleged in the Demand, which Defendant continues to deny, then Defendant is entitled to an offset to the extent that Plaintiff received income from other sources, including later employment, compensation and/or severance benefits paid to Plaintiff.

5

DEFENDANT'S ANSWER TO PLAINTIFF
ELGIN GARCIA'S COMPLAINT

Exh A to Decl. of Dan M. Forman

1

**TWENTIETH AFFIRMATIVE DEFENSE**

2

(Failure to Mitigate)

3      20.    Plaintiff's claims, if any, are barred, in whole or in part, to the extent that Plaintiff

4  failed to mitigate Plaintiff's damages, if any.

5

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

6

(After-Acquired Evidence)

7      21.    Plaintiff's claims, if any, are barred, in whole or in part, by the after-acquired

8  evidence doctrine.

9

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

10

(Good Faith)

11      22.    Defendant's actions were undertaken in good faith, without malice, and for good

12  cause, with the absence of malicious intent to injure Plaintiff.

13

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

14

(Workers' Compensation Preemption)

15      23.    Plaintiff is barred from seeking any damages for alleged physical or emotional

16  injuries on the ground that the sole and exclusive remedy for such alleged injuries is governed by

17  the California Workers' Compensation Act, California Labor Code section 3600 *et seq*.

18

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

19

(Plaintiff is Not A Qualified Individual With a Disability)

20      24.    Plaintiff's causes of action are barred because Plaintiff was not a qualified

21  individual with a disability during the time periods that he alleges that Defendant violated the

22  disability discrimination and reasonable accommodation provisions of the Fair Employment and

23  Housing Act.

24

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

25

(No Reasonable Accommodation)

26      25.    Plaintiff's causes of action are barred because there is no reasonable accommodation

27  that could have been made for Plaintiff by Defendant that could have been implemented without

28  undue hardship.

6

DEFENDANT'S ANSWER TO PLAINTIFF
ELGIN GARCIA'S COMPLAINT

1856988.1

Exh A to Decl. of Dan M. Forman

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

(Plaintiff's Own Conduct and/or Fault of Others)

26.     Plaintiff's causes of action are barred, in whole or in part, because if Plaintiff sustained any damage, injury or detriment as alleged in the Complaint, such injury was caused by his own conduct and/or the fault of others for whose conduct Defendant is not liable.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

(Failure to Utilize Complaint Procedure)

27.     Some or all of Plaintiff's causes of action are barred because Plaintiff unreasonably failed to timely and fully take advantage of corrective opportunities offered by his employer, which at all times took reasonable care to prevent discrimination and/or retaliation.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

(No Private Right of Action)

28.     Plaintiff's cause of action for failure to prevent discrimination and retaliation is barred because there is no private right of action for this claim.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

(Comparative Fault)

29.     To the extent that Plaintiff's alleged damages were caused in part by acts of Plaintiff or third parties, any liability or damages must be apportioned, and Defendant is not liable for such acts.

**THIRTIETH AFFIRMATIVE DEFENSE**

(Undue Hardship)

30.     To the extent that a reasonable accommodation could not be made, Defendant pleads the affirmative defense of undue hardship.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

(Failure to Engage in Interactive Process)

31.     Plaintiff's claims are barred to the extent he failed to engage in the interactive process or submit adequate medical documentation supporting his claim for an accommodation.

/ / /

7

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

(No Entitlement to Punitive Damages)

32.     Plaintiff is precluded from recovering exemplary or punitive damages from Defendant under the applicable provisions of law. Specifically, California Civil Code § 3294 precludes Plaintiff from recovering exemplary or punitive damages because Plaintiff has failed to plead and cannot establish facts sufficient to support allegations of malice, oppression or fraud, nor has he pled despicable conduct. In addition, California's laws regarding the alleged conduct in question in this Action are too vague to permit the imposition of punitive damages, and any award of punitive or exemplary damages under California law in general, and/or any such award under California law as applied to the facts in this case, would violate Defendant's constitutional rights under provisions of the United States and California Constitutions, including, but not limited to, the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution, and the excessive fines and cruel and unusual punishment clauses of the Eighth Amendment to the United States Constitution.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

(Constitutionally Protected Speech)

33.     Plaintiff's claims are barred, in whole or in part, because Defendant's speech was protected under the provisions of the United States and California Constitutions.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

(Common Interest Privilege)

34.     Plaintiff's claims are barred, in whole or in part, based on the common interest privilege.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

(No Cause of Action Under § 17200)

35.     Plaintiff's Seventh Cause of Action, claiming unfair business practices in violation of California Business & Professions Code § 17200 *et seq.*, is barred because it fails to plead specific facts capable of stating a claim for unfair business practices.

/ / /

DEFENDANT'S ANSWER TO PLAINTIFF
ELGIN GARCIA'S COMPLAINT

Exh A to Decl. of Dan M. Forman

1

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

2

(No Injury)

3    36.    Plaintiff's Seventh Cause of Action is barred because Plaintiff has not sustained the

4  required injury in fact and/or lost the requisite money or property necessary to confer standing to

5  pursue claims under California Business and Professions Code sections 17200 *et seq.*, or for other

6  claims.

7

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

8

(No Award of Attorneys' Fees)

9    37.    Plaintiff is precluded from recovering attorneys' fees from Defendant under

10  applicable provisions of law. Attorneys' fees are not recoverable pursuant to Business and

11  Professions Code sections 17200 *et seq.* or Labor Code section 226 and are therefore not available

12  under California Code of Civil Procedure section 1021.5. In addition, Plaintiff brings purely

13  personal claims and cannot establish that the outcome of the litigation confers a substantial benefit

14  on the general public, that private enforcement of the public right is necessary, or that it would be

15  unjust to pay attorneys' fees out of a recovery, if any.

16

### PRAYER

17    WHEREFORE, Defendant prays for judgment as follows:

18    1.    For an order denying certification of the proposed class;

19    2.    That the Complaint be dismissed with prejudice;

20    3.    That Plaintiff takes nothing by reason of the Complaint or otherwise;

21    4.    That Defendant be awarded costs of suit incurred herein;

22    5.    That Defendant be awarded reasonable attorneys' fees to the extent permitted by law;

23  and

24    6.    For such other and further relief that this Court may deem just and proper.

25  / / /

26  / / /

27  / / /

28  / / /

9

DEFENDANT'S ANSWER TO PLAINTIFF
ELGIN GARCIA'S COMPLAINT

Exh A to Decl. of Dan M. Forman

1856988.1

1   Dated:  August 25, 2021                    CDF LABOR LAW LLP

2

3                                               By: _____
                                                            Dan M. Forman
4                                               Attorneys for Defendant
                                                PHILLIPS FEED SERVICE, INC., a Pennsylvania
5                                               Corporation, dba PHILLIPS PET FOOD & SUPPLIES
                                                (erroneously sued as PHILLIPS FEED SERVICE, INC. and
6                                               PHILLIPS PET FOOD & SUPPLIES)

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                        10
                                                                DEFENDANT'S ANSWER TO PLAINTIFF
                                                                ELGIN GARCIA'S COMPLAINT

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES.

I, the undersigned, declare that I am employed in the aforesaid County, State of California. I am over the age of 18 and not a party to the within action. My business address is 707 Wilshire Boulevard, Suite 5150, Los Angeles, CA 90017. On August 26, 2021, I served upon the interested party(ies) in this action the following document described as:

DEFENDANT PHILLIPS FEED SERVICE, INC., a Pennsylvania Corporation, dba PHILLIPS PET FOOD & SUPPLIES' (erroneously sued as PHILLIPS FEED SERVICE, INC. and PHILLIPS PET FOOD & SUPPLIES) ANSWER TO PLAINTIFF ELGIN GARCIA'S COMPLAINT

By the following method:

Arash S. Khosrowshahi
LIBERTY MAN LAW
1010 F Street, Ste. 300
Sacramento, CA 95814
Tel.: (916) 573-0469

FAX: (866) 700-0787
E-MAIL: libertymanlaw@gmail.com

For processing by the following method:

[X] **(Email)** Pursuant to Yolo Superior Court Local Rule 10.2, I caused the document(s) to be sent to the persons at the electronic notification addresses listed above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 26, 2021, at Los Angeles, California.

_____          _____
           Melissa Adams                                    (Signature)
        (Type or print name)

CDF Labor Law LLP

1856988.1

11

44

DEFENDANT'S ANSWER TO PLAINTIFF
ELGIN GARCIA'S COMPLAINT

Exh A to Decl. of Dan M. Forman