UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Elgin Garcia, | No. 2:21-cv-01548-KJM-KJN |
| Plaintiff, | ORDER |
| v. | |
| Phillips Feed Service, Inc, et al., | |
| Defendants. | |

This matter is before the court on plaintiff's motion to remand and motion for sanctions. For the following reasons, the court **grants** both motions.

I.   **BACKGROUND**

Elgin Garcia filed this action against his former employers in Yolo County Superior Court. *See generally* Compl., Forman Decl. Ex. A, ECF No. 3-1. He asserts no federal claims. *See id.* He is a citizen of California. Defendant Phillips Feed Service, Inc. is incorporated in Pennsylvania and, in 2013, filed Articles of Incorporation with the California Secretary of State. Req. J. Notice Ex. A, ECF No. 8. Phillips was served with the summons and complaint on July 26, 2021, Proof of Serv., Forman Decl. Ex. A at 25–26,[1] ECF No. 3-1, and removed the case to

---

[1] To avoid confusion, pages cited here are those printed on the top right page of the document by the CM/ECF system.

1

this court on August 27, 2021, invoking this court's diversity jurisdiction, *see* Notice of Removal ¶ 3, ECF No. 1.  Mr. Garcia timely moved for remand.  *See generally* Mot. Remand, ECF No. 9.

Mr. Garcia argues remand is required because Phillips is a citizen of California.  He points to Phillips' Articles of Incorporation, which were on file with the California Secretary of State both at the time the lawsuit was filed and at the time the notice of removal was filed.  *See* Req. J. Notice Ex. A and B, ECF No. 8.  Phillips disagrees, providing two reasons it is not a citizen of California.  *See* Opp'n Remand at 7–8, ECF No. 11.  First, Phillips claims an ex-employee filed the Articles of Incorporation without authority and argues the incorporation is thus void.  *Id.* Second, Phillips argues it never "perfected" the incorporation by, for instance, issuing stock or creating bylaws.  *Id.* at 8.

After nearly a month of meeting and conferring, in which Mr. Garcia tried without success to convince Phillips to remand this matter to state court, he filed his current motions to remand and for sanctions.  *See generally* Mot. Remand, ECF No. 9; Mot. Sanctions, ECF No. 10.  Phillips opposes both motions, and Mr. Garcia has filed replies in support of each.  *See generally* Opp'n Remand, ECF No. 11; Opp'n Sanctions, ECF No. 12; Reply Remand, ECF No. 15; Reply Sanctions, ECF No. 16.  The court heard oral argument by videoconference on November 19, 2021.  Arash Khosrowshahi appeared for Mr. Garcia, and Dan Forman appeared for Phillips.

**II.    MOTION TO REMAND**

     **A.    Legal Standard**

Under 28 U.S.C. § 1441, a defendant may remove a civil action from state court to federal district court if the district court has original jurisdiction.  *Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 679–80 (9th Cir. 2006).  Federal district courts have diversity jurisdiction over "civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different States."  28 U.S.C. § 1332 (a)(1).  Diversity jurisdiction requires complete diversity, which means no plaintiff and no defendant may be citizens of the same state.  *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1988).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662,

663 (9th Cir. 1988) and *Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985)). Accordingly, there is a "strong presumption" against removal jurisdiction, which "means that the defendant always has the burden of establishing that removal is proper." *Id.* Thus, "the court resolves all ambiguity in favor of remand to state court." *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).

### B.     Analysis

This court lacks jurisdiction because Mr. Garcia and defendant Phillips are both citizens of California. For purposes of diversity jurisdiction, a corporation is "deemed to be a citizen of every State . . . by which it has been incorporated." 28 U.S.C. § 1332 (c)(1). To determine citizenship, the court analyzes "the state of things at the time the action is brought," *Grupo Dataflux v. Atlas Global Group*, LP, 541 U.S. 567, 570 (2004), and "[c]hallenges to removal jurisdiction [also] require an inquiry into the circumstances at the time the notice of removal is filed," *Spencer v. U.S. Dist. Court for the No. Dist. of Cal.*, 393 F.3d 867, 871 (9th Cir. 2004). Phillips does not dispute that, in 2013, its agent filed California Articles of Incorporation. *See* Opp'n Remand at 7, ECF No. 11. Phillips was incorporated in California both at the time this lawsuit was filed and at the time the action was removed. *See* Cal. Corp. Code § 200 ("The corporate existence begins upon the filing of the articles [of incorporation] and continues perpetually . . . ."). This action must therefore be remanded.

Phillips' arguments to the contrary are unpersuasive. It first asserts its ex-employee performed a void, *ultra vires* act when it filed its California Articles of Incorporation: Because the corporation didn't vote to authorize incorporation in California, such action could not have binding legal effect. *See* Opp'n Remand at 7–8, ECF No. 11. Phillips cites no authority, and this court can find none, supporting this argument. Second, Phillips asserts it is not a California citizen because it did not "perfect" its incorporation in the state, for example, issuing stock or adopting bylaws. *See id.* at 8. Again, Phillips cites no supporting authority, and this court has located none.

Phillips emphasizes the absence of contrary case law supporting Mr. Garcia's legal arguments. But in addition to omitting authority for the arguments reviewed above, Phillips cites

3

one case that supports Mr. Garcia's position, and in so doing misrepresents what the case stands for. The case is *Yancoskie v. Delaware River Port Auth.*, 528 F.2d 722 (3d Cir. 1975), in which Phillips says the court found "it was important that . . . the [defendant] Port Authority . . . was an agent or alter ego of the State of Pennsylvania to defeat diversity." Opp'n Remand at 9, ECF No. 11. But the Third Circuit did not depend on this fact in reaching its decision. *See Yancoskie*, 528 F.2d at 727 ("Assuming, arguendo, that the Authority is not the alter ego of any state, we hold that . . . there is no diversity of citizenship jurisdiction.").

Fundamentally, the "strong presumption against removal means that defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 989 F.2d 564, 566 (9th Cir. 1992). Defendant has not met that burden.

**C.     Attorneys' Fees**

Upon ordering remand, the court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Such an award is appropriate when the defendant had no objectively reasonable basis for having removed the case. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005); *Patel v. Del Taco, Inc.*, 446 F.3d 996, 1000 (9th Cir. 2006). The award of attorneys' fees is discretionary, and an award does not require a finding of bad faith on the part of the removing party. *Moore v. Permanente Medical Group, Inc.*, 981 F.2d 443, 446 (9th Cir. 1992). The purpose of an award is not to punish defendants, but to reimburse plaintiffs for unnecessary litigation costs incurred as a result of the removal. *Id.* at 447.

Here, Phillips had no objectively reasonable basis to invoke this court's diversity jurisdiction. Garcia's complaint alleged Phillips is a California corporation. *See* Compl., Forman Decl. Ex. A at 5, ECF No. 3-1. Phillips did not investigate that allegation. It simply removed the action, claiming incorrectly that "at all material times, Phillips has been a citizen of the State of Pennsylvania, and not of the State of California, as it is [not] incorporated in California . . . ." Notice of Removal ¶ 13, ECF No. 1.

Even if Phillips was not initially unaware it was incorporated in California, it learned of its California incorporation as a result of this case and still insistently declined to remand the case.

*See Circle Indus. USA, Inc. v. Parke Constr. Grp., Inc.*, 183 F.3d 105, 109 (2d Cir. 1999)) (noting that § 1447(c) is meant to deter defendants from removing improperly and "requiring plaintiff to appear in federal court, prepare motion papers and litigate, merely to get the action returned to the court where the plaintiff initiated it."). On these facts, awarding reasonable attorneys' fees is appropriate.

The Ninth Circuit uses the lodestar method for determining a reasonable attorneys' fee. *See Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996); *McGrath v. County of Nevada*, 67 F.3d 248, 252 (9th Cir.1995); *see also Albion Pac. Prop. Res., LLC v. Seligman*, 329 F. Supp. 2d 1163, 1166 (N.D. Cal. 2004) (using lodestar method to assess attorneys' fees following remand order). Applying the lodestar method, the court multiplies "the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Morales*, 96 F.3d at 363 (citing *McGrath*, 67 F.3d at 252).

Here, plaintiff's counsel spent 7.2 hours at a rate of $450.00 per hour on this matter and thus requests $3,240.00 in attorney's fees. *See* Khosrowshahi Decl. ¶ 10, ECF No. 9-2. The court finds the hourly rate and time spent on this matter reasonable. Thus, the court orders defendant's counsel to reimburse plaintiff's counsel in the amount of $3,240.00.

### III.    MOTION FOR SANCTIONS

#### A.    Legal Standard

"[T]he central purpose of Rule 11 is to deter baseless filings in district court and . . . streamline the administration and procedure of the federal courts." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). Provided certain procedural requirements are met, the court may sanction an attorney under Rule 11 for filing a pleading or other paper that is "frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose." *Estate of Blue v. Cty. of Los Angeles*, 120 F.3d 982, 985 (9th Cir. 1997); Fed. R. Civ. P. 11(b)(1–4). Nonetheless, "[i]f, judged by an objective standard, a reasonable basis for the position exists in both law and in fact at the time that the position is adopted, then sanctions should not be imposed." *Golden Eagle Distrib. Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1538 (9th Cir. 1986).

**B.     Analysis**

Phillips' continued insistence on maintaining this non-diverse case in federal court violates Rule 11.  A filing violates Rule 11 if the filing party "must have known [it] completely lacked a factual foundation for subject matter jurisdiction . . . ." *Montrose Chemical v. American Motorists Ins. Co.*, 117 F.3d 1128, 1133 (9th Cir. 1997).  Here, Phillips filed its opposition to remand after receiving a copy of its own publicly available California Articles of Incorporation from Mr. Garcia's attorney.  In other words, Phillips "must have known" that its opposition to remand "completely lacked a factual foundation for subject matter jurisdiction." *Id.*  Its arguments not only complicated what should have been a simple matter, but also reversed the applicable burden.  *Contra Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("defendant always has the burden of establishing that removal is proper").  Sanctions are appropriate on this ground alone.

Phillips also misrepresented the date on which it was served.  *See* Fed. R. Civ. P. 11(b)(3), (c) (sanctionable for defendant to file paper including factual contentions that lack both evidentiary support and prospect of evidentiary support.).  In its August 27 notice of removal, Phillips alleged "[l]ess than thirty (30) days [had] passed since Defendant received the Complaint."  Notice of Removal at 3:10.  Phillips also, however, makes clear that its true name is Phillips Feed Service, Inc., *see* Opp'n Remand at 5, ECF No. 11, and Phillips Feed Service, Inc. was served on July 26, 2021, *see* Proof of Serv., Forman Decl. Ex. A at 25–26, ECF No. 31.  Sanctions also are appropriate for this reason.

This court is not persuaded otherwise by Phillips' argument that Mr. Garcia has unclean hands.

"A sanction imposed under [Rule 11] must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated."  Fed. R. Civ. P. 11(c)(4).  Here, the court finds that a penalty of $1,000.00—paid by Mr. Forman, not Phillips—suffices to deter similar conduct.  *Cf. Tiong v. Midway Hosp. Medical Center*, 87 F.3d 1322, 1322 (9th Cir. 1996) (upholding $1,000.00 Rule 11 sanction for frivolous removal).

IV. CONCLUSION

The court **grants** plaintiff's motions to remand and for sanctions, awards attorney's fees of $3,240 to Mr. Garcia, and orders Mr. Forman to pay a monetary sanction delivered to the Clerk of Court in the amount of $1,000.00, with each amount paid **within fourteen days**.

This order resolves ECF Nos. 9 and 10.

IT IS SO ORDERED.

DATED: January 26, 2022.

CHIEF UNITED STATES DISTRICT JUDGE